Melissa Ho
Polsinelli PC
One East Washington, Suite 1200
Phoenix, AZ 85004
(602) 650-2000
mho@polsinelli.com

R. Ross Burris, III (pro hac vice)
Polsinelli PC
1201 W Peachtree St. NW, Suite. 1100
Atlanta, GA 30309
(404) 253-6000
rburris@polsinelli.com

Asher D. Funk (pro hac vice)
Kevin M. Coffey (pro hac vice)
Polsinelli PC
150 N Riverside Plaza, Suite. 3000
Chicago, IL 60606
(312) 819-1900
afunk@polsinelli.com
kcoffey@polsinelli.com

Attorneys for Defendant

**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ralph Vassallo, et.al., | No. CV-15-00119-PHX-SRB |
| Plaintiffs | |
| vs. | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO RELATORS' MOTION TO SEAL AND TO CONSIDER *EX PARTE* AND *IN CAMERA* RELATORS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE** |
| Rural/Metro Corporation, et.al., | |
| Defendants | |

## INTRODUCTION

Defendant Rural/Metro Corporation and Rural Metro Operating Company, LLC (collectively, "Rural/Metro") respectfully files this Memorandum in Opposition to Relators' Motion to Seal and to Consider e*x parte* and *in camera* Relators' Response in Opposition to Defendant's Motion to Strike. Relators assert that they must be permitted to file their *entire* Response (as opposed to specific information or documents) under seal. For the reasons stated herein, Rural/Metro respectfully requests that this Court deny Relators' Motion, or in the alternative, enter an order requiring the Relators to share their Response with Rural/Metro subject to reasonable conditions.

## BACKGROUND

1. Rural/Metro filed a Motion to Strike paragraphs 178 to 272 of Relators' First Amended Complaint ("FAC"). *See* Dkt. 50. In its Motion to Strike, Rural/Metro argues that Relators impermissibly used information gleaned from Fed. R. Evid. 408 communications and the Government's civil investigative demand ("CID") to strengthen the allegations contained in their initial insufficiently-pleaded complaint. *Id.*

2. On May 12, 2017, Relators filed their Motion to Seal and to Consider e*x parte* and *in camera* Relators' Response in Opposition to Rural/Metro's Motion to Strike (the "Motion to Seal"). *See* Dkt. 59. Relators separately lodged their Response in Opposition to Defendants' Motion to Strike (the "Response") under seal. *See* Dkt. 60.

3. In their Motion to Seal, Relators argue that it was necessary to file the Response in such a manner in order to preserve certain privileges on behalf of themselves and the United States. *See* Dkt. 59 at 2. Specifically, Relators assert that in order to respond

2

to Rural/Metro's Motion to Strike (Dkt. 50), they needed to disclose (1) how they came to possess information used to amend their complaint; and (2) what they did and did not rely upon in amending their allegations. *Id.*

4. Relators broadly assert that such disclosures could constitute a waiver of various privileges, including the attorney-client, work product, common interest, and joint prosecution privileges. *Id.*[1]

5. Finally, Relators argue that "Defendants have expressly telegraphed their intention to challenge Relators' and the Government's privileges based on any public filing of Relators' response." *Id.* at 5.

## DISCUSSION

6. As an initial matter, the Court should be aware that Rural/Metro has not, either expressly or impliedly, "telegraphed [its] intention to challenge Relators' and the Government's privileges based on any public filing of Relators' response." To the contrary, Relators and the Government affirmatively requested that Rural/Metro agree to relinquish any argument that Relators waived their privileges based on statements or information disclosed in their Response. Rural/Metro merely expressed its position that absent an

---

[1] Relators suggest that their Motion to Seal is necessary to protect the common interest privilege as to themselves *and* the Government. This argument holds no water, as the case law is clear that one party to such an agreement cannot unilaterally waive the privilege for other holders. *See United States v. Gonzalez*, 669 F.3d 974, 982 (9th Cir. 2012); *United States v. BDO Seidman, LLP*, 492 F.3d 806, 817 (7th Cir.2007) (The "privileged status of communications falling within the common interest doctrine cannot be waived without the consent of all of the parties."); *John Morrell & Co. v. Local Union 304A*, 913 F.2d 544, 556 (8th Cir.1990) (joint defense privilege cannot be waived without the consent of all parties to the defense); *In re Grand Jury Subpoenas*, 902 F.2d at 250 (holding that all documents related to common claim "are subject to a joint defense privilege that[one party] may not waive unilaterally").

3

understanding of what *specific* information Relators intended to disclose, it could not agree to such a broad, general request. Rural/Metro's position as to this issue is informed by its belief that facts and information pertaining to *how* and *in what context* information was exchanged (as opposed to specific documents, communications, or work product) is not subject to any of the broad privileges that Relators vaguely referenced in their Motion to Seal. In addition, documents and information that were provided by Rural/Metro to the Government do not qualify for such privileges simply by virtue of the Government forwarding them to Relators.

7. The Local Rules of Civil Procedure for the District of Arizona provide that "[a]ny motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal." *See* LRCiv 5.6. Further, before any party files any document under seal, such party shall seek leave of Court and shall show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

8. Relators spend precious little time attempting to articulate good cause for filing their *entire* Response under seal, and instead focus their efforts on disparaging Rural/Metro for its decision not to blindly relinquish its ability to argue waiver as to unknown communications, documents, and/or information apparently referenced in Relators' Response.

9. Moreover, it is important to note that the Government has already filed a proposed Statement of Interest ("SOI") admitting that it provided Relators with information and materials furnished by Rural/Metro in response to CID 15-01. *See* Dkt. 58. The SOI –

4

which references the exchange of information and communications between the Government and Relators – was *not* filed under seal and, as such, the information that Relators would like to file under seal is *already* publicly available. Because this information is in the public domain, Relators cannot show good cause for filing the Response under seal.

10. Further, Relators have not met their burden to cite legal authority justifying the filing of the document under seal. Relators' entire support for their motion is based on a single district court case from the Northern District of Illinois, issued by a magistrate judge. *See United States ex rel. Ceas v. Chrysler Grp. LLC*, No. 12-CV-2870, Dkt. 87 (N.D. Ill. May 11, 2017). This opinion, aside from having no binding authority in the District of Arizona, does not address the same issues raised here. Specifically, unlike the defendants in that case, Rural/Metro is *not* arguing that a waiver has occurred or moving the court to compel the production of *specific* documents that the Relators deem to be privileged. Instead, Rural/Metro is merely stating its position that it will not willingly preclude itself from raising a waiver argument before knowing exactly what information the Relators wish to apply privilege to.

11. Again, Relators have not identified specific information or documents they believe to be protected under the various privileges cited in their Motion to seal. Instead, they casually reference the attorney-client, work product, common interest, and joint prosecution privileges without providing any level of detail as to *why* or *how* those privileges might apply to specific documents or information. This does not meet muster in the Ninth Circuit, which has held that "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy [relators]

burden" to show good cause or compelling reasons to seal certain documents. *Kamakana*, 447 F.3d at 1184.

12. Granting Relators' request to file their entire Response under seal and *ex parte* would deprive Rural/Metro of the opportunity to provide a meaningful reply. Relators appear unconcerned as to this point, as they did not even propose an order that would have allowed the court to unseal the Response for the sole purpose of providing Rural/Metro an opportunity to file a Reply.

## CONCLUSION

13. Accordingly, Rural/Metro respectfully requests that the Court deny Relators Motion to Seal, or in the alternative, enter an order requiring the Relators to share their Response subject to reasonable conditions.

Respectfully submitted this 22nd day of May, 2017.

Polsinelli PC

By: /s/ *R. Ross Burris, III*
    Polsinelli PC
    1201 W Peachtree St. NW
    Suite. 1100
    Atlanta, GA 30309
    (404) 253-6000

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE AND LODGING**

I hereby certify that on May 22, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants listed for this matter.