Melissa Ho
Polsinelli PC
One East Washington, Suite 1200
Phoenix, AZ 85004
(602) 650-2000
mho@polsinelli.com

R. Ross Burris, III (pro hac vice)
Polsinelli PC
1201 W Peachtree St. NW, Suite. 1100
Atlanta, GA 30309
(404) 253-6000
rburris@polsinelli.com

Asher D. Funk (pro hac vice)
Kevin M. Coffey (pro hac vice)
Polsinelli PC
150 N Riverside Plaza, Suite 3000
Chicago, IL 60606
(312) 819-1900
afunk@polsinelli.com
kcoffey@polsinelli.com

Attorneys for Defendant

**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Ralph Vassallo, et.al., | ) | No. CV-15-00119-PHX-SRB |
| Plaintiffs | ) | |
| vs. | ) | **DEFENDANT'S OPPOSITION TO RELATORS' MOTION TO COMPEL RULE 26(F) CONFERENCE** |
| Rural/Metro Corporation, et.al., | ) | |
| Defendants | ) | |

59380221.6

## I.    INTRODUCTION

Relators' efforts to compel a Rule 26(f) conference presumably to force discovery are procedurally improper and premature at this stage, as no Case Management Conference has been set and it would be wholly impracticable to hold such a conference at this time as Rural/Metro has not even answered the First Amended Complaint ("FAC") and, indeed, there are multiple motions addressing threshold issues in this case, including Rural/Metro's Rule 12(f) Motion to Strike, are still pending before the Court.[1]  The central premise underlying Relators' Motion to Compel - that the mere filing of a False Claims Act ("FCA") complaint automatically triggers and allows Relators to conduct discovery – even when it is procedurally improper and impracticable - reflects a misunderstanding of the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 12(b)(6) and 9(b) provide defendants an opportunity to challenge the legal sufficiency of a complaint *before* they are subjected to burdensome, time-consuming and costly discovery.  *Yuhaz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) ("The very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla.1997) ("[a] court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case.").

---

[1] Defendants' Motion to Strike (Dkt. 50) has been fully briefed, but no hearing date has been scheduled.  Further, the Department of Justice ("DOJ") has sought leave to file a Statement of Interest ("SOI") (Dkt. 58), which Rural/ Metro has opposed (Dkt. 63). The Court has not yet ruled on the DOJ's motion for leave to file the SOI, but should the Court grant DOJ's motion for leave, Rural/Metro will have an opportunity to respond to the SOI, and the DOJ will have an opportunity to file a reply in support thereof.

59380221.6

Here, Rural/Metro has filed a Rule 12(f) Motion to Strike which is now fully briefed and pending before the Court. That motion asks the Court to excise nearly 100 allegations from the FAC (*See* Dkt. 30 at Par. 178-272) that Rural/Metro contends are based on a combination of information provided in response to the Department of Justice's ("DOJ") Civil Investigative Demand ("CID") and a Rule 408-protected settlement conference that occurred on July 21, 2016, which were repurposed by Relators in efforts to strengthen the obviously deficient original complaint   *See* Dkt. 50. If granted, Rural/Metro's Motion to Strike would substantially alter the complexion of the FAC by removing dozens of factual allegations. Additionally, because the Motion to Strike is still pending, Rural/Metro cannot yet test the sufficiency of the FAC against Rules 9(b) and 12(b)(6), though its fully intends to do so.

It is not practicable for the parties or efficient for the Court to commence the discovery process until these threshold issues and dispositive motions are resolved. Indeed, if the Court ultimately finds that the FAC does not meet the pleading standards required under Rules 9(b) or 12(b)(6) then there will be no need for discovery at all. For these reasons, and those set forth below, a Rule 26(f) conference is premature and Relators' Motion to Compel should be denied.

## II.     BACKGROUND

On, January 22, 2015, Relators filed their original complaint under the *qui tam* provisions of the FCA. The original complaint was devoid of allegations relating to particular claims or specific patients who received services from Rural/Metro. *See* Dkt. 1.

On September 27, 2016, after a nearly three-year investigation into Relators' claims, the DOJ notified the parties of its intention *not* to intervene in Relators' lawsuit. *See.* Dkt. 11.

3

On February 16, 2017, Relators filed their FAC, which contained 203 *additional* allegations against Rural/Metro, nearly 100 of which Rural/Metro contends were based on a combination of information provided in response to the CID and a Rule 408-protected settlement conference. *See* Dkt. 30 at Par. 178-272. These are the allegations that Rural/Metro has asked the Court to strike from the FAC. *See* Dkt. 50 (filed April 24, 2017).

On April 4, 2017, after the FAC was served on Rural/Metro *but before counsel for the defendants had even entered their formal appearances in this case*, Relators sought a Rule 26(f) conference. Rural/Metro informed relators that it believed their request was premature. *See* Dkt. 68, p.3; Dkt. 69, pg. 6-8.

On April 24, 2017, Rural/Metro moved to strike Par. 178-272 from the FAC because, as stated above, these new allegations appear to be based on information and documents gleaned by Relators from information and materials provided to the DOJ in response to CID 15-01 and/or during a July 21, 2016 settlement conference, in violation of Fed. R. Evid. 408. *See* Dkt. 50.

On May 12, 2017, the DOJ filed a motion for leave to file a Statement of Interest ("SOI") (*See* Dkt. 57) addressing the issues raised by Rural/Metro in its Motion to Strike, along with a copy of the proposed SOI (*See* Dkt. 58). In the proposed SOI, the DOJ admits that the Relators used the CID materials to amend their FAC, but argues that such use is permissible under 31 U.S.C. § 3733 (the "CID Statute"). *See* Dkt. 58 at 2. Relators' Response to Rural/Metro's Motion to Strike echoes this position. *See* Dkt. 66 at 2, 9; Exhibit A at ¶ 15. Rural/Metro opposes the DOJ's and Relator's stance on this issue, as there is no statutory authority or case law standing for the proposition that a relator may use information obtained by the government through the CID Statute to amend a complaint and clear Rule

4

59380221.6

9(b) pleading hurdles. The Motion to Strike is still pending and the DOJ has not yet been granted leave to file its SOI. Accordingly, the Court has not taken a position on the parties' arguments or ruled as to whether Paragraphs 178 through 272 should be struck from the FAC. This fact alone offers sufficient justification for why a Rule 26(f) conference is not necessary and beginning to conduct discovery at this time is impracticable.

On May 19, 2017, Relators again asked Rural/Metro to participate in a Rule 26(f) conference, even though Rural/Metro's Motion to Strike was not fully briefed and accordingly, the status of the allegations at issue in the FAC remained in limbo. Rural/Metro responded that Relators' request was still premature. *See* Dkt. 68, p. 3; Dkt. 69, pg. 5-6.

On June 22, 2017, Relators made a third request that Rural/Metro participate in a Rule 26(f) conference. Given that from a procedural standpoint, nothing had changed since Relators' prior request, Rural/Metro again informed Relators that their desire for a Rule 26(f) conference was premature. *See* Dkt. 68, p. 3; Dkt. 69, pg. 1-2.

Despite making three requests, Relators never presented Rural/Metro with their arguments as to why a Rule 26(f) conference would be timely and appropriate. Rural/Metro welcomes the opportunity to better understand why a Rule 26(f) conference is of such importance, even before threshold pleading issues have been resolved and Rural/Metro has had a chance to test the legal sufficiency of Relators' allegations under Rules 9(b) and 12(b)(6).[2]

**III.  RELATORS REQUEST FOR A RULE 26(f) CONFERENCE IS PREMATURE**

---

[2] The Motion to Compel is also procedurally improper, as Relators failed to attach a statement of counsel stating that "after personal consultation and sincere efforts to do so, counsel [was] unable to satisfactorily resolve the matter," as required by LRCiv. 7.2(j).

Federal Rules of Civil Procedure 16 and 26 provide a framework for the events that precede discovery in civil litigation. Rule 26(d)(1) states that a party generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Rule 26(f)(1), in turn, provides that parties must meet to develop a discovery plan "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)" unless the relevant court orders otherwise. Rule 16(b), in turn, contains its own timetables for scheduling orders.

Relators' Motion to Compel is based on a false premise, namely that discovery should be conducted immediately, and as a matter of right in FCA cases. *Foundation for Interior Design Educ. Research v. Savannah Coll. of Art & Design*, 244 F.3d 521, 530 (6th Cir. 2006), (citing *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir.1999) ("the price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome.)

Since the inception of this litigation, indeed, before counsel for Rural/Metro had entered their appearances, and before a responsive pleading was filed, Relators have been eager to conduct a Rule 26(f) conference in the hopes of commencing discovery. Relators' repeated requests for a Rule 26(f) conference highlight concerns raised by Rural/Metro through its Motion to Strike, and it is difficult to avoid the impression that Relators are seeking discovery in the hopes of gathering information that they can use to bolster the FAC in the event the motion strike is granted, or a subsequent motion to dismiss is brought pursuant to Rules 12(b)(6)and 9(b). Notably, aside from sending a handful of emails asking

for a 26(f) conference, Relators have also never actually articulated why they believe discovery should commence at this time.

As of last week, Rural/Metro's Motion to Strike was fully briefed, but the Court has yet to set a hearing date or enter its ruling. The purpose of a Rule 26(f) conference is, in part, to discuss the "nature of the basis of [the parties'] claims and defenses" and "the subjects on which discovery may be needed." Fed. R. Civ. P. 26(f)(2) and (3)(B). It is therefore, not "practicable," to schedule a Rule 26(f) conference when Rural/Metro's Motion to Strike is still pending, and when there is a strong likelihood that a dispositive motion to dismiss will follow. *See Sterling Sav. Bank v. Fed. Ins. Co.,* No. CV-12-0368-LRS, 2012 WL 3143909, at *1 (E.D. Wash. Aug. 1, 2012) (Rule 26(f) conference not appropriate where no scheduling order is set and Rule 12(b)(6) motion to dismiss was pending). Simply put, the FAC could look drastically different after the Court rules on the Motion to Strike which will significantly change the landscape of potential discovery.

If the Court grant's Rural/Metro's Motion to Strike and scrubs the FAC of nearly 100 paragraphs containing the lion's share of Relators' patient-specific allegations, the nature of Relators claims will be substantially altered and their ability to satisfy Rule 9(b)'s pleading standards will be diminished. It defies logic to appear at a Rule 26(f) conference to discuss claims that are subject to significant change depending on the outcome of Rural/Metro's Motion to Strike.

Moreover, through its Motion to Strike, Rural/Metro has raised genuine issues regarding the content of the FAC and how Relators obtained that information from DOJ. This speaks directly to the FAC's ability to survive a challenge under Rule 9(b)'s heightened pleading standard which is "designed to prevent 'fishing expeditions' … to protect

7

59380221.6

defendants' reputations from allegations of fraud … and to narrow potentially wide-ranging discovery to relevant matters." *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004).

Given that Rural/Metro has not yet had the opportunity to challenge the legal sufficiency of the FAC under Rules 9(b) and 12(b)(6), discovery is premature. As the Seventh Circuit has noted, *Twombly* "teaches that a defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in a complex case unless the complaint indicates that the plaintiff's case is a substantial one." *Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009).

Rural/Metro asks that this Court be allowed to resolve the questions raised in the Motion to Strike as well as any dispositive motions challenging the legal sufficiency of the FAC, before Relators force the parties to engage in costly and time consuming discovery that may ultimately be unnecessary.

## CONCLUSION

For the foregoing reasons, Rural/Metro respectfully requests that the Court deny Despite Relators' motion to compel a Rule 26(f) conference.

59380221.6

Respectfully submitted this 11th day of July, 2017.

        Polsinelli PC

        By: /s/ *Melissa Ho*
            CityScape, One E. Washington St., Ste. 1200
            Phoenix, AZ 85004
            (602) 650-2000

        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE AND LODGING**

I hereby certify that on July 11, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants listed for this matter.

        /s/ *Christine M. Ekstrom*

59380221.6