1   Richard J. Harris, AZ Bar #013859
    Richard J. Harris Law, P.C.
2   4000 Hickory Fairway Dr.
    Woodstock, GA 30188
3   Telephone (678) 733-1408
    rjharrislaw@gmail.com
4
    David C. Larkin, AZ Bar #006644
5   DAVID C. LARKIN, P.C.
    6909 West Ray Road, Suite 15-133
6   Chandler, Arizona  85226
    Telephone (480) 491-2900
7   david@davidlarkinlaw.com
8   James B. Helmer, Jr. (pro hac vice)
    Robert M. Rice (pro hac vice)
9   Erin M. Campbell (pro hac vice)
    James A. Tate (pro hac vice)
10  Helmer, Martins, Rice
     & Popham Co., L.P.A.
11  600 Vine Street, Suite 2704
    Cincinnati, OH 45202
12  Telephone (513) 421-2400
    support@fcalawfirm.com
13
    Attorneys for Relators
14
                    **UNITED STATES DISTRICT COURT**
15
                        **DISTRICT OF ARIZONA**
16

17  **United States of America** *ex rel.*         **No. CV-15-00119-PHX-SRB**
    **Ralph Vassallo and Laura Spahn,**
18
                        Relators,
19                                              **RELATORS' REPLY IN SUPPORT**
                    vs.                          **OF MOTION TO COMPEL**
20                                              **DEFENDANTS TO PARTICIPATE**
    **Rural/Metro Corporation**, et al.          **IN A RULE 26(f) CONFERENCE**
21                                              **(Doc. 68)**
                        Defendants.
22
                                                  Assigned to the Honorable
23                                                Susan R. Bolton
24

25

26  _____

27

28

1    This case has been unsealed and served on Defendants since February 21, 2017.  Doc.

2    32.  But despite Relators' attempts, as discussed in Relators' Motion, the parties have yet to

3    even hold a Rule 26(f) conference.

4    Defendants argue that Relators' request for the Court to order participation in a Rule

5    26(f) conference is untimely because: (1) the Court has yet to rule on Defendants' Motion

6    to Strike; (2) the Court has yet to decide whether to allow the United States to file a

7    Statement of Interest in support of the Motion to Strike; (3) a Court decision granting the

8    United States' Motion will result in more briefing; (4)  Defendants have yet to file their Civil

9    Rule 9(b) and 12(b)(6) motions; and (5) the Court has to rule on these unfiled Motions.  Doc.

10    74 at 2 & n.1, 3.  Therefore, Rural/Metro claims it is not "practicable" to hold a  Rule 26(f)

11    conference.  Doc. 74 at 3.

12    Defendants want the Court to let them file a chain of motions in Defendants' preferred

13    order, and then want this Court to rule on each motion in turn before any discovery begins.

14    Meanwhile, without discovery beginning, much less progressing, time will continue to pass

15    without this case moving towards resolution at trial.

16    There is no reason to hold up all discovery, including initial disclosures and initial

17    document discovery, until Defendants get around to filing their much-discussed but still

18    unfiled hypothetical motions.  The Civil Rules certainly don't require this.

19    Rural/Metro could have moved under Civil Rule 9(b) and 12(b)(6) but did not do so.

20    A non-existent motion is no basis for delaying discovery.

21    Contrary to Rural/Metro's assertion otherwise (Doc. 74 at 2 n.1), nothing in the Civil

22    Rules provides for automatic briefing on the United States' Statement of Interest (Doc. 58)

23    should the Court grant the United States's motion for leave to file it (Doc. 57).  Defendants

24    already filed a vigorous opposition to the United States' Motion for Leave.  Doc.  63.

25    Moreover, Rural/Metro had the proposed Statement of Interest for over seven weeks before

26    filing its Reply in Support of its Motion to Strike.  Doc. 58, Doc. 71.  In short, the United

27    States' Motion is ripe (Doc. 57, 63, 64) and Rural/Metro has had opportunity to respond.

28    Defendants argue that should their Motion to Strike be successful, "discovery will

-2-

look drastically different." Doc. 74 at 7. **Defendants never state exactly what would be so different about discovery.** In reality, there would be no change in the scope of discovery. Defendants did not move to strike any allegations regarding the details of their scheme to defraud the Government. Thus, regardless of whether the examples of false claims resulting from their scheme are struck, discovery would be the same.

Finally, as discussed in Relators' Motion (Doc. 68 at 3), it is Defendants' unilateral imposition of a months-long discovery stay that left Relators with little choice but to move to compel—not, as Defendants argue, an immediate desire to bolster the First Amended Complaint with additional information that may or may not be learned in discovery (Doc. 74 at 6). The First Amended Complaint is already sufficiently pled.

Relators respectfully request that the Court grant their Motion to Compel and order the parties to engage in a Rule 26(f) conference.[1]


HELMER, MARTINS, RICE
& POPHAM, CO., L.P.A.


By: _____/s/ Erin M. Campbell_____
Erin M. Campbell, Attorney for Relators

Ralph Vassallo and Laura Spahn

---

[1]  In their opposition to Relators' Motion to Compel Defendants to Participate in a Civil Rule 26(f) Conference, Defendants claim that Relators' Motion was "procedurally improper" for failing to attached a Local Rule 7.2(j) Statement of Counsel. Doc. 74 at 5 n.2.
Relators did not attach such Statement of Counsel, because their Motion was not a Civil Rule 37(a) motion to compel disclosure or a discovery response.
Rather, Relators filed a Motion to Compel Defendants' participation in the Civil Rule 26(f) planning meeting, which is a conference designed to formulate a discovery plan, as well as to discuss claims, possibilities of settlement, arranging for exchanging initial disclosures, and discussing preservation of discoverable information.
Nevertheless, since the Motion to Compel was indeed filed after personal consultation and sincere efforts to resolve the matter had failed, to resolve any concern, a Statement of Counsel is attached as Exhibit A.

-3-

CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants listed for this matter.

s/ Erin M. Campbell